UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

DONALD G. JONES                              CIVIL ACTION: 10-2935

VS.                                          JURY TRIAL DEMAND

WHITNEY HOLDING CORPORATION -WHITNEY NATIONAL BANK - PARISH NATIONAL BANK, ET AL)

COMMONWEALTH LAND TITLE INSURANCE COMPANY-      SECT. S MAG. 4

FIDELITY NATIONAL TITLE INSURANCE COMPANY

---

PETITION FOR DAMAGES PURSUANT TO FRCP RULE 4-PETITION FOR INJUNCTIVE RELEIF

PURSUANT TO TITLE 28 U.S.C. SECTIONS 1651 ALL WRITS ACT-DAMAGES FOR VIOLATIONS

OF TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 ( MORTGAGE FRAUD-TITLE RECORD )

RICO ANTIRUST-INSURANCE FRAUD-VIOLATIONS OF TITLE 42 U.S.C. SECTIONS 2000.d

THRU 2000.d.7 OF THE1964 CIVIL RIGHTS ACT-WHICH HAS AND STILL ARE CAUSING

DAMAGES IN EXCESS OF $8,000,000.00 TO PLAINTIFF JONES OWNER OCCUPIED

BUSINESSES, AND JONES CO-OWNED RENTAL COMMERCIAL PROPPERTIES-PURSUANT TO

U.S.C. TITLE 28 SECTIONS 1332 AND 1441 ( DIVERSITY )

---

MAY IT PLEASE OUR MOST HON. U.S. DIST. COURT EASTERN DIST. OF LOUISIANA


NOW COMES INTO COURT , DONALD G. JONES " appearing in Pro Se Form ", an American

Citizen from birth, a person of full majority, the rightful Property Owner of the Properties before

the Court, the Owner of businesses which have been unlawfully injured by the Defendants since

November of 2007 in an amount exceeding $10,500,000.00, filing this NEW CIVIL COMPLAINT

PURSUANT TO FRCP RULE 4, PETITION FOR INJUNCTIVE RELEIF PURSUANT TO TITLE 28

U.S.C. SECTIONS 1651 ALL WRITS ACT-DAMAGES FOR VIOLATIONS OF TITLE 18 U.S.C. PART

Page1NEW FILE/CIVIL COMPLAINT/DGJ/WHITNEY/Parish/Commonwealth/RELATEDusedl-08-1487-AJM

AUG 30 2010
U.S. DISTRICT COURT
Eastern District of Louisiana

TENDERED FOR FILING

Fee _Pauper_
✓ Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No. _____

RENDERED FOR FILING
AUG 19 2010
U.S DISTRICT COURT
Eastern District of

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

CHAPTER 47 SECTION 1021 ( MORTGAGE FRAUD-TITLE RECORD ) RICO ANTITRUST-INSURANCE

FRAUD-VIOLATIONS OF TITLE 42 U.S.C. SECTIONS 2000.d THRU 2000.d.7 OF THE1964 CIVIL RIGHTS

ACT-WHICH HAS AND STILL ARE CAUSING DAMAGES IN EXCESS OF $8,000,000.00 TO PLAINTIFF

JONES OWNER OCCUPIED BUSINESSES, AND JONES CO-OWNED RENTAL COMMERCIAL

PROPERTIES-PURSUANT TO U.S.C. TITLE 28 SECTIONS 1332 AND 1441 ( DIVERSITY ) against the

Defendants WHITNEY HOLDILNG CORPORATION, WHITNEY National Bank ( Formerly PARISH

National Bank ) hereinafter referred to as" **Parish, and/or Whitney** ", and Co-Defendants

Commonwealth Land Title Insurance Company, and FIDELITY NATIONAL  TITLE

INSURANCE COMPANY ( hereinafter referred to as **Commonwealth, or Common** ).

Plaintiff Jones filed the original Civil Complaint in April of 2008 against the Defendants, which

was Dismissed Without Prejudice on October 29, 2008 (1) ( **see attached exhibit-dgj-whitney-**

**parish-commonwealth- " 1-1b" hereinafter incorporated into this Re-File of the Original Civil**

**Complaint by reference** ), and as of this date August 16, 2010 the Defendants have made no legal

efforts to compensate Jones for the Damages, and/or to Mitigate the Damages against Plaintiff

Jones.

## DEFENDANTS IN THIS RE-FILE OF ORIGINAL CIVIL COMPLAINT

**WHEREFORE PLAINTIFF JONES adds such Defendants as** Fidelity National Title Insurance

Company ( **hereinafter referred to as FNTIC** ), the Parent Corporation of Commonwealth Land

Title Insurance Company, to be served through their Agent For Service of Process Marlene Parker

at 601 Riverside Ave.-Jacksonville, Florida 32232-5023.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH -RELATEDUSEDL-1487-AJM

WHEREFORE PLAINTIFF JONES adds such Defendants as Commonwealth Land Title

Insurance Company ( hereinafter referred to as Commonwealth ) , a Louisiana Business Entity

authorized to do business in the State of Louisiana, to be served through their State Manager Earle

A. Thompson, Jr., at  4508 Southwind Dr.-Baton Rouge, La. 70816.


WHEREFORE PLAINTIFF JONES adds such Defendants as Whitney Holding Corporation

the parent company of Whitney National Bank, and Whitney National Bank ( hereinafter

referred to as Whitney ) Louisiana Business entities authorized to do business in Louisiana, and

Georgia, to be served through their Chairman/CEO John C. Hope, III at 228 St. Charles Ave.

New Orleans, La. 70130.


WHEREFORE PLAINTIFF JONES adds such Defendants as Parish National Bank (hereinafter

referred to as Parish ), and it's former Corporate Officer, namely A. R. Blossman, Jr., now Director

of Whitney Holding Corporation, and Whitney National Bank, to be served at 228 St. Charles

Ave., New Orleans, La. 70130.

## HISTORY OF EVENTS

ON, or about April 3, 2008 Plaintiff Jones filed a Civil Complaint against Parish, and

Commonwealth. Plaintiff Jones presented evidence in the original Civil Complaint which clearly

(1)- Plaintiff Jones never received a copy of this Order, of Dismissal until July 28, 2010, after receiving it from Plaintiff Jones request on July 22, 2010 when Jones learned the Case had been dismissed. Jones would have never filed a Motion for Summary Judgment on a Closed Case.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

outlined the Defendants unlawful actions under the Anti Trust , RICO, and Insurance Fraud Statutes, and Banking Fraud Statutes. Violations were listed by Statute, and/or by Legal Reference in the Civil Complaint, and hereinafter incorporated into this New Filing of the Civil Complaint, with subsequent additional damages since the original filing.

Plaintiff Jones has additionally uncovered the financial circumstances which surrounded both Parish, and Commonwealth which lead these 2 entities to engage in the unlawful Banking Act violations.

Parish was suffering severe financial loses as a result of their Florida expansion, and the losses incurred in those ventures in late 2006 through it's sale to Whitney in 2009. Parish Corporate Offices issued Banking instructions through Roy Blossman, and A. J. Blossman, Jr. to initiate unlawful claims of defaults, and challenges to the Title Policies on all Commercial properties with an approximate value of over $250,000.00 and above. Plaintiff Jones properties at that time were valued at approximately $1.2 million dollars as an aggregate.

Parish through it's Corporate offices, and Board of Directors used the law firm of Carver, Darden, Blossman to shield them from any potential leaks in this unlawful Banking mandate. The records of the accounts which Duwell had with Parish demonstrates that Duwell, through Plaintiff Jones management of the Loan account , **actually had a $13,000.00 plus Credit,** when the alleged Default was initiated, see **exhibit dgj-commonwealth-parish-business losses " 5 "-attached, and hereinafter incorporated into this Re-File of the Original Civil Complaint.**

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH -RELATEDUSEDL-1487-AJM

Plaintiff Jones tried through the efforts of Attorney Gregory Johnson whom mis-reprented Duwell in the original Orleans CDC Case-2007-286 Orleans CDC Judge Herbert Cade to bring these matters before the Court prior to the unlawful assignment being granted to Commonwealth to Parish. Plaintiff Jones late attempted to bring this matter before this Honorable Judge, but was unsuccessful in the original Civil Complaint, because of not being able to represent Duwell, as the Power of Attorney , see **exhibit-dgj-duwell-poa " 1 "-attached, and hereinafter incorporated into this Re-File of this Civil Complaint by reference**, which states that Jones has the right to, in a Court of Law.

Commonwealth additionally, through their attorney, namely; Harry Kuhner was also suffering financial troubles of their own, and also was unable to pay to Parish the $682,500.00 Claim for the unmarketable Title which Commonwealth's Agent, namely August La Nasa had insured, as an agent of Commonwealth. In any event the wheels of deceit were fully engaged, and Parish, and Commonwealth created the unlawful allusion that $682,500.00 had changed hands to allow Commonwealth to purchase the rights of the unmarketable Mortgage, and Promissory Note of Duwell.

Commonwealth, and Parish has never produced a copy of the Alleged $682,500.00 Check which was paid to Parish by Commonwealth to acquire the rights of Assignment. Jones has for over 3 years sought through all legal efforts to have a copy of the Check produced, see **exhibit-dgj-commonwealth-parish check $682,500.00-assignment duwell-subpoena " 1 -1d "-attached, and hereinafter incorporated into this Re-File of this Civil Complaint by reference.**

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Whitney acquired Parish, and/or merged with Parish, and as such they are held liable for any damages which were/are being caused by Parish at the time of the merger/acquisition of Parish, notwithstanding those damages which are still being sustained by Plaintiff Jones from Parish, Et Al.

Fidelity National Title Insurance Company also acquired Commonwealth, and/or merged with Commonwealth, and as such they are held liable for any damages which were/are being caused by Commonwealth at the time of the merger/acquisition of Commonwealth, notwithstanding those damages which are still being sustained by Plaintiff Jones from Commonwealth, Et Al.

Plaintiff Jones submits into evidence in support of the damages being sustained by the Defendants the following Exhibits, which hereinafter are incorporated into this Re-file of the Civil Complaint:

1)  Exhibit-dgj-commonwealth-parish-business losses- " 1 thru 1d, 2, 3 thru 3c, and 4 attached, and hereinafter incorporated into this Re-File of this Civil Complaint by reference.

Such violations included, but are not limited to the following:

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

DAMAGES TO OWNER'S PROPERTIES-OWNER'S BUSINESSES IN EXCESSOF $8,000,000.00

VIOLATIONS OF TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 (TITLE RECORD )-

RICO ANTITRUST-INSURANCE FRAUD-

VIOLATIONS OF TITLE 42 U. S. C. SECTIONS 2000.d THRU 2000.D.7 OF THE 1964 CIVIL RIGHTS ACT

Parish, and Commonwealth filed a Civil action against un-named Co-Plaintiff Rebecca B. Duwell in an Orleans Parish CDC Case Docket NO. 2007-286 on, or about October of 2007 under the Louisiana Executory Process Statute, alleging Default under the terms of **" An Unmarketable Mortgage and Promissory Note ",**

Parish Subsequently filed an Action against Commonwealth alleging Commonwealth Title Agent, namely August J. La Nasa did not Perfect the Title all in accords with Louisiana Real Estate Laws, as their were multiple Owners involved in the Ownership of the Properties located at 6401 A, B, C, and 6403 D, E, F, G, H Gen. Meyer, N. O. , LA. 70131 ( **hereinafter referred to as the Property of Jones, or Properties )**

The problem with the Multiple Owners is that they were the 2 minor children of Rebecca B. Duwell, and there was no request of Ms. Duwell to establish a tutorship, and/or be named executor over the Minor's real estate interest ( unbeknownst to Ms. Duwell or Donald G. Jones whom held the Power of Attorney for Ms. Duwell-which is another subject for legal argument as it relates to marketability of the Title ).

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Additionally, Plaintiff Jones has an Ownership interest in the Properties which is Recorded and made a Part of this New Filed Civil Complaint by reference as Exhibit-dgj-ownership-Parish-Commonwealth-Properties " 1 thru 3 - attached , and hereinafter incorporated into this New Civil Complaint.

**The Order of Dismissal included the Reason for Dismissal as Jones failure to provide for the Court by October 28, 2008 a Copy of Jones filed Ownership documents into the Orleans Recorder of Mortgages, etc. Jones has remedied those deficiencies, and as such has a right to bring this Cause of Action for his stated Ownership's damages by the Defendants, namely; Whitney-Parish-Commonwealth Et Al, against Jones properties, and businesses.**

Commonwealth in their attempts to resolve the lawsuit filed against their Title Agent, namely August J. La Nasa, alleges they paid Off the Un Marketable Title, Mortgage, and Promissory Note for a Cash Sum ( **Check** ) in the approximate amount of $682,500.00. Commonwealth alleges they were granted the rights of Assignment to the Un-Marketable Promissory Note, and Mortgage by Parish, for the alleged Payment of $682,500.00. Rebecca B. Duwell, Donald G. Jones has requested through every means possible to have a Copy of the Check produced for Our Records, and to validate the Payment to Parish/Whitney from Commonwealth, but has not been given a copy of the alleged $682,500.00 Check as of this date July 7, 2010, approximately 2 years after the Assignment took place (**EXHIBIT dgj-commonwealth –parish check-$682,500.00-assignment duwell-subpoenas " 1 thru 1 d"- attached and hereinafter incorporated into this Re-file of the Original Civil Complaint by reference.**

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Commonwealth has asserted it has a 1st Mortgage on the Eight ( 8 ) Individual properties, the entire 8 Commercial units, even though they have never received any transfer of ownership from Plaintiff Jones, and/or Duwell's 2 children.

Plaintiff Jones Incorporates His Recorded Ownership Documents which are filed in the Mortgage and Conveyance Offices for The Parish Of Orleans, and are labeled as:

1) **Exhibit-dgj-RBD-Cash Sale-Property-081487USEDL- " 1 THRU 1e "-attached, and hereinafter incorporated into this Re-file of the Original Civil Complaint by reference.**

2) **Exhibit-dgj-IND-Cash Sale-Property-081487USEDL- " 1 THRU 1d "-attached, and hereinafter incorporated into this Re-file of the Original Civil Complaint by reference.**

3) **Exhibit-dgj-AVD-Cash Sale-Property-081487USEDL- " 1 THRU 1d "-attached, and hereinafter incorporated into this Re-File of the Original Civil Complaint by reference.**

**These Exhibits, hereinafter incorporated into this Re-File of the original Civil Complaint, demonstrate Plaintiff Jones Superior Marketable Title on The Properties which are at Bar, before Our Most Hon. U. S. District Judge Mc Namara, and fully validates Plaintiff Jones rights to bring this Cause of Action for the Damages which has been caused to Plaintiff Jones Properties, and the businesses which are located in the Properties.**

**On, or about May 13th, 2008 Magistrate Shushan issued an Order which was very prejudicial to Plaintiff Jones, and contains issues in the Notes which had no bearing on the Matters before the**

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Court, and are hereinafter incorporated into this Motion by Reference. U. S. Magistrate

Shushan further issued an R & R, which was Opposed by Plaintiff Jones, but was Ordered

dismissed by USEDL Judge McNamara, without Prejudice to Plaintiff Jones on October 29,

2008 ( Plaintiff Jones never received a copy of this Order until July 23, 2010 after being

informed of it per USEDL Order of July 20th, 2010 was received ).

Wherefore Plaintiff Jones now Introduce for the Pleasure of the Court the Issues which are

Tantamount as a Matter of U. S. Constitutional Law, as it relates to Jones rights to Own Properties

without Unlawful Encroachment upon Jones Title rights, Jones rights to Own Businesses without

any violations of the Sherman Antitrust Act, RICO Statutes, Violations of TITLE 18 U.S.C. PART I

CHAPTER 47 SECTION 1021 ( TITLE RECORDS ), and/or Violations of Jones ability to assess Federal

funds, and Programs pursuant to Protection under Title 42 U. S. C. Sections 2000.d thru 2000.d.7 of the

Civil Rights Act of 1964, and Insurance Fraud.

### PLAINTIFF JONES RIGHTS TO HAVE COMMONWEALTH TITLE CLAIMS REMOVED FROM OFF PLAINTIFF JONES PROPERTIES-AND/OR A SURVEY DRAWN UP SHOWING THEIR ALLEGED OWNERSHIP IN THE PROPERTIES

DGJ/MSJ/COM/PAR-1 )

PLAINTIFF Jones is entitled to an Immediate Emergency Permanent Injunction, all in accords with FRCP

60, which is also included in this Re-File of the Original Civil Complaint, with additional subsequent

damages for the continued violations of the Defendants collectively:

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Plaintiff Jones Ownership interest is not pledged to Commonwealth, nor Whitney/Parish, and is described in the Ownership Documents attached.

COMMONWEALTH, AND WHITNEY/PARISH allegations of Default of Duwell, was a mere RICO scheme to deprive Plaintiff Jones of his Ownership rights to the Properties, and Jones as the Power of Attorney, Property Manager, Accounts Payable, and Receivable Agent of Duwell, attest that Duwell's alleged account with Parish was never in Default, as is shown in **Exhibit-dgj-commonwealth-parish-business losses- " 5 "-attached and hereinafter incorporated into this Re-file of the Original Complaint by reference** .

Plaintiff Jones Ownership interest is Superior to Commonwealth's, and Whitney/Parish's alleged Mortgage, and Promissory Note, as these documents only contain an alleged 1/3 interest of Duwell in the Properties.

Plaintiff Jones cannot pledge his ownership interest in the properties because of the unlawful encroachments of Commonwealth's alleged Security interest in all 8 Units of the Properties.

Commonwealth, and Whitney/Parish has never made any efforts to identity which portion of the properties they are claiming the have a Security interest in.

Commonwealth, and Whitney/Parish has caused Plaintiff Jones extreme financial harm in not removing their unlawful encroachments off of Jones properties, to allow Jones to Market his Ownership interest to provide Operating Capital, and such other financial arrangements with Jones properties as would be financially beneficial to Plaintiff Jones.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Relief is sought under FRCP Rule 4, FRCP 60 Permanent Injunction against any further Unlawful

Encroachments on Jones Properties, and Title 18 PART 1 CHAPTER 96 SECTIONS 1962 ( a – d ), and

SECTIONS 1964 ( a – d ).

These events grew out of a Pattern of Conspiratory acts which sought back in October 2007 to assist the

Defendants of Case Docket NO. 08-1470JCZ ( now Appeal NO. 08-31244-US5CA ) to deprive Jones of his

business income, business real estate, in an attempt to drive Jones out of the Real Estate Development

business, as well as the Participation in the rebuilding of New Orleans in the aftermaths of hurricanes

Katrina.

These properties were part of the Financial Life Blood of Jones, and Duwell's ability to provide day to day

income for the Life styles of Jones, and Duwell's family, respectively.

Relief is sought under Title 28 Part V Chapter III Section 1651

( a ) The Supreme Court and all courts established by Act of Congress may issue all writ necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the Middle District

Of Florida ( Case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-11628 and 05-11556-U. S. 11th

Circuit Court of Appeals March 23, 2005 and March 30, 2005 )

Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones rights to have this

case Expedited before a Jury of Jones peers to hear the facts of the case, and to immediately Grant unto

Jones the right of Award in an amount sufficient to satisfy the damages caused by Commonwealth, and

Whitney/Parish.   Page-12-NEW FIILE/CIVIL COMPLAINT/DGJ/WHITNEY/Parish/Commonwealth/RELATEDusedl-08-1487-AJM

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

DGJ/MSJ/COM/PAR-2 )

Duwell has through Jones offered to resolve these matters out in a fair, and amicable fashion, without the admittance of Liability, and/or the relinquish of Duwell's rights to seek Damages against Commonwealth, and Whitney/Parish, see Exhibit-dgj-commonwealth-parish-business losses- " 4 "-attached and hereinafter incorporated into this Re-file of the Original Complaint by reference

Commonwealth, and Whitney/Parish have alleged to have entered into an Assignment of Parish rights in the Properties, to Commonwealth for an alleged Cash Sum in the approximate amount of $682,500.00.

These documents have been presented in Case Docket No. 2007-286-Division " K 5 ", and have now been recorded against the Properties alleging a 100% Ownership in the Properties, when even arguably if the Un-Marketable Mortgage, and Promissory Note were legally sound, they would only be entitled to encapsulate a Title Privilege of 1/3 Ownership in the Properties.

**Jones is entitled to the following Judicial Relief in an expedited Hearing, and Jury Trial, including the rights to Pursue Summary Judgment after this re-File of the Original Civil Complaint is served upon the Defendants, and their responses docketed into the Court, without any further delay in having these Facts argued before a Jury Trial**

RELIEF IS SOUGHT FOR DAMAGES TO JONES' PROPERTIES-JONES AS AN OWNER OF BUSINESSES WHOM HAVE INCURRED DAMAGES IN EXCESSOF $8,000,000.00

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

RELIEF IS SOUGHT FOR VIOLATIONS OF TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 (TITLE RECORD) AS COMMONWEALTH, AND PARISH HAVE FILED INTO THE OFFICIAL MORTGAGE, AND CONVEYANCE RECORDS OF THE ORLEANS PARISH MORTGAGE OFFICE, TITLE DOCUMENTS ALLEGING A 100% OWNERSHIP IN THE PROPERTIES, WHEN ARGUABLY THE UN-MARKETABLE TITLE, AND PROMISSORY NOTE COULD ONLY ENCAPSULATE A TITLE PRIVELEGE ON 1/3 INTEREST IN THE PROPERTIES.

DGJ/MSJ/COM/PAR-3 )

Jones as an Co-Owner with Rebecca B. Duwell has a Marketable Title Ownership which is Superior to Commonwealth's Un-Marketable Title. Louisiana, and Federal Law states that an Owner of an existing Property, whether moveable, or immoveable can only transfer the rights which they have in the property (s ) at the time of any transfer of ownership.

Parish/Whitney Assignment to Commonwealth only contained a document which was not perfected according to Louisiana, Georgia, or Federal Land Title transfer Laws. The Assignment is only for 1/3 Ownership of Duwell's interest in the Properties.

Parish/Whitney, neither Commonwealth have Majority Interest, or Control in the Properties, and as such cannot use their Social, Financial, Political or other Status in the State Of Louisiana, and Great City Of New Orleans, to unlawfully maintain an unlawful claim over Jones, and the other Co-Owners rights to enjoy these properties without unfair Encroachments by Parish, and Commonwealth.

Parish/Whitney neither Commonwealth possessed the rights to Foreclose, and/or place the Properties up for Sherriff Sale, and/or Public Auction. They further do not have the Legal right to Keep the Business

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Doors of Jones Properties closed, and unlawfully encumbered merely because of their Financial

,Economical, Political, Fraternal. Etc. Status in the State Of Louisiana, and Great City of New Orleans.

These Defendants have ignored, and unlawfully maintained an alleged ownership in the Entire Properties.

The Defendants have unlawfully maintained these Title Encroachments in furtherance of their RICO, and

Anti Trust Acts. Jones has been deprived of his ability to derive income from His Businesses located at The

Properties.

### Such Businesses include, but are not limited to the following Retail and Restaurant facilities:

1) MAMA'S WINGS & THINGS

2) HOUSE OF ELOGENCE BEAUTY SALON

3) COMMERCIAL OFFICE SPACE

4) CRISPY CREME DONUT SHOP

5) ONE STOP CLEANERS

6) ONE STOP LAUNDRYRAMA

7) CUT OFF SEAFOOD

8) GOLDEN MONEY RECORDING

9) LAW OFFICE

Jones is entitled to receive a Sum not less than $8,000,000.00 for the loss revenues, for the loss of

equipment value, the Pain, and suffering caused by the Unlawful Title Encroachments of Parish/Whitney,

and Commonwealth.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Jones has sent Sufficient Notices, and demands to Commonwealth, and Whitney/Parish demanding these Unlawful Encroachments be removed, and that they clearly identify in the Mortgage, and Conveyance Records their allege Title Interest in the Properties, which allow Jones to do with his Properties as Jones sees fit.

Commonwealth, and Whitney/Parish have ignored all Demands by Jones, and fellow Co-Owners, all in defiance of Federal, and State Laws.

Plaintiff Jones submits in Support of this Re-file of the Original Civil Complaint the following Business Income Projections which were furnished to Commonwealth, and Whitney/Parish in Jones demands, and Notices to these defendants of the Monetary Damages their Unlawful Title Encroachments are causing.

Such Exhibits are identified as **Exhibit-dgj-commonwealth-parish-business losses- " 1 thru 1d- 2 – 3 thru 3c- and 4 " attached and hereinafter incorporated into this Re-file of the Original Civil Complaint by Reference .**

RELIEF IS SOUGHT FOR DAMAGES TO JONES' PROPERTIES-JONES AS AN OWNER OF BUSINESSES WHOM HAVE INCURRED DAMAGES IN EXCESSOF $8,000,000.00

RELIEF IS SOUGHT FOR VIOLATIONS OF TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 (TITLE RECORD) AS COMMONWEALTH, AND WHITNEY/PARISH HAVE FILED INTO THE OFFICIAL MORTGAGE, AND CONVEYANCE RECORDS OF THE ORLEANS PARISH/WHITNEY MORTGAGE OFFICE,

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

TITLE DOCUMENTS ALLEGING A 100% OWNERSHIP IN THE PROPERTIES, WHEN ARGUABLY THE UN-MARKETABLE TITLE, AND PROMISSORY NOTE COULD ONLY ENCAPSULATE A TITLE PRIVELEGE ON 1/3 INTEREST IN THE PROPERTIES.

SUCH RELIEF IS TO BE GRANTED UNDER TITLE 28 SECTION 1651 OF THE ALL WRITS ACT-PREMANENT INJUCTION AGAINST ANY FUTURE TITLE ENCROACHMENTS, AND AN ORDER INSTRUCTION COMMONWEALTH AND PARISH TO CEASE, AND DESIST FROM ANY FUTURE DISTURBANCES OF JONES ABILITY TO MARKET HIS TITLE OWNERSHIPS TO POTENTIAL LENDERS, AND/OR FEDERAL AGENCIES WHOM COULD ASSIST JONES IN ASSESSING WORKING CAPITAL, AND IMPROVEMENTS IN JONES BUSINESSES, ALL IN ACCORDS WITH TITLE 42 U. S. C. SECTIONS 2000.d THRU 2000.d.7 OF THE 1964 CIVIL RIGHTS ACT.

SUCH RELIEF IS TO INCLUDE A SURVEY, AND A LEGAL DESCRIPTION OF THE ALLEGED BOUNDARIES OF COMMONWEALTH, AND WHITNEY/PARISH 1/3 OWNERSHIP IN THE PROPERTIES, TO BE FILED WITH ORLEANS PARISH CLERK OF COURT OFFICE OF MORTGAGE AND CONVEYANCE, AFTER APPROVAL BY JONES, AND CO-OWNERS AS TO THE ACCURACY OF THESE NEW OWNERSHIP BOUNDARIES OF COMMONWEALTH, AND WHITNEY/PARISH.

DGJ/MSJ/COM/PAR-4 )

COMMONWEALTH, AND WHITNEY/PARISH have alleged a Mortgage, and Promissory Note to be Superior to Jones Ownership Interest in the Properties. Jones has provided in his Ownership Documents

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

that his Recorded Ownership Interest Complies with the Laws of both the State Of Louisiana, and the

State of Georgia. Jones Ownership interest include Sales from all three ( 3 ) Owners of the Properties.

Jones Ownership Interest are Superior to Commonwealth's, and Whitney/Parish alleged Un-Marketable

Title interest, and as such Jones 1st Mortgage, and Marketable Title Interest affords Jones the rights to

Pledge the Properties for funding purposes, selling purposes to redeem Jones financial Ownership interest

in the Properties, etc. ahead of Commonwealth's, and Whitney/Parish interest in the Properties, without

any encumbrances, or obstacles on behalf of Commonwealth, or Whitney/Parish.

JONES IS ENTITLED TO AFTER SERVICE OF THIS RE-FILE OF THE ORIGINAL CIVIL

OCMPLAINT, SUMMARY JUDGMENT TO DECLARE JONES TITLE OWNERSHIP INTEREST TO

BE SUPERIOR TO COMMONWEALTH'S, AND WHITNEY/PARISH'S ALLEGED OWNERSHIP

INTEREST IN THE PROPERTIES OF JONES, ALL PURSUANT TO FRCP 56.

RELIEF IS SOUGHT FOR THE REMOVAL OF ANY ALLEGED 1ST MORTGAGE RIGHTS OF

COMMONWEALTH, AND WHITNEY/PARISH IN THE PROPERTIES UNDER RELIEF IS SOUGHT

FOR VIOLATIONS OF TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 (TITLE RECORD).

RELIEF IS SOUGHT FOR DAMAGES TO JONES' PROPERTIES-JONES AS AN OWNER OF

BUSINESSES WHOM HAVE INCURRED DAMAGES IN EXCESSOF $8,000,000.00

SUCH RELIEF IS TO BE GRANTED UNDER TITLE 28 SECTION 1651 OF THE ALL WRITS ACT-

PREMANENT INJUCTION AGAINST ANY FUTURE TITLE ENCROACHMENTS, AND AN ORDER

INSTRUCTION COMMONWEALTH AND WHITNEY/PARISH TO CEASE, AND DESIST FROM

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

ANY FUTURE DISTURBANCES OF JONES ABILITY TO MARKET HIS TITLE OWNERSHIPS TO

POTENTIAL LENDERS, AND/OR FEDERAL AGENCIES WHOM COULD ASSIST JONES IN

ASSESSING WORKING CAPITAL, AND IMPROVEMENTS IN JONES BUSINESSES, ALL IN

ACCORDS WITH TITLE 42 U. S. C. SECTIONS 2000.d THRU 2000.d.7 OF THE 1964 CIVIL

RIGHTS ACT.


SUCH RELIEF IS TO INCLUDE A SURVEY, AND A LEGAL DESCRIPTION OF THE ALLEGED

BOUNDARIES OF COMMONWEALTH, AND WHITNEY/PARISH 1/3 OWNERSHIP IN THE

PROPERTIES, TO BE FILED WITH ORLEANS PARISH CLERK OF COURT OFFICE OF

MORTGAGE AND CONVEYANCE, AFTER APPROVAL BY JONES, AND CO-OWNERS AS TO

THE ACCURACY OF THESE NEW OWNERSHIP BOUNDARIES OF COMMONWEALTH, AND

WHITNEY/PARISH.

DGJ/MSJ/COM/PAR-5 )

Jones further has a legal right as a Superior owner of the Properties to demand that any alleged Ownerships

in Jones Properties be authenticated all in accordance with both Federal Laws, and Louisiana Laws. Both

Federal, and State of Louisiana Law allows for Jones under the Rules of Discovery, pursuant to FRCP 46,

and 26 ( a ) ( 1 ) ( I ) ( ii ) ( iii ) ( iv ) to have subpoenas issued to Commonwealth, and Parish to produce

such documents which would validate their rights to encroach upon Jones Title interest in the Properties.

Commonwealth, and Parish refusals to comply with Jones request to produce a Copy of the alleged

payment of $682,500.00 ( the alleged check which was paid by Commonwealth to Parish in the alleged

Assignment ) in Support of Jones Summary Judgment Proceedings, and Original Civil Complaint.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

RELEIF IS SOUGHT FOR THE PRODUCTIONS OF THESE DOCUMENTS, AND ANY RELATED
DOCUMENTS UNDER FRCP 46, and 26 ( a ) ( 1 ) ( I ) ( ii ) ( iii ) ( iv )  TO HAVE SUBPOENAS
ISSUED TO DEFENDANTS COMMONWEALTH, AND PARISH TO PRODUCE FOR PLAINTIFF
JONES , WITHIN 5 DAYS PRIOR TO THE HEARING DATE OF September 8, 2010 THE COPIES OF
THE FOLLOWING DOCUMENTS, BUT NOT LIMITED TO:

1) COPIES OF THE ALLEGED CHECK PAID TO PARISH FROM COMMONWEALTH FOR
   THE PURCHASE OF THE ASSIGNMENT RIGHTS ( CHECK AMOUNT HAS BEEN
   STATED IN ORLEANS PARISH CASE DOCKET NO. 2007-286-DIV. " L K-5 " TO BE
   $682,500.00 FOR EXHBIT P-3 AND P-4- THE ALLEGED ASSIGNMENT OF PARISH RIGHTS
   TO COMMONWEALTH )-**EXHIBIT dgj-commonwealth –parish check-$682,500.00-assignment
   duwell- " 1 "- attached and hereinafter incorporated into this Re-File of the Original Civil
   Complaint by reference.**

2) COPIES OF THE ALLEGED ACCOUNTING RECORDS OF WHITNEY/PARISH WHICH GAVE RISE
   TO THE EXECUTORY PROCESS PROCEEDINGS AGAINST JONES CO-PARTNER, AND CO-
   OWNER REBECCA B. DUWELL. PLAINTIFF Jones holds this right to request accounting
   documents from PARISH, AND COMMONWEALTH PER THE TERMS OF THE POWER OF
   ATTORNEY JONES HAS FROM DUWELL**(Exhibit-dgj-duwell-poa- " 1 "-attached and hereinafter
   incorporated into this Re-File of the Original Complaint by reference**, AND THE ALLEGED
   LEGAL INSTRUMENT WHICH WHITNEY/PARISH, AND COMMONWEALTH HAS
   ACKNOWLEDGED WAS USED TO SIGN ON BEHALF OF DUWELL THE ALLEGED PROMISSORY
   NOTE, AND MORTGAGE DOCUMENTS.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

THESE ACCOUNTING RECORDS SHOULD SHOW A COMPUTERIZED BANKING
ACCOUNTING FROM WHITNEY/PARISH, AND/OR COMMONWEALTH'S IN HOUSE CREDIT
DEPARTMENT WHOM WERE IN CHARGE OF THE DEBITS, AND CREDITS TO THE LOAN.  THE
LOAN DOCUMENTS HAVE BEEN LABELED IN **EXHIBIT dgi-commonwealth –parish check-
$682,500.00 assignment duwell- " 1 "- attached and hereinafter incorporated into this Re-File of
the Original Civil Complaint by reference.**

3)   COPIES OF ALL INSURANCE POLICIES ON THE PROPERTIES, INCLUDING ANY INSURANCE
CLAIMS MADE AGAINST THE PROPERTIES, and PAYMENTS RECEIVED BY COMMONWEALTH,
AND PARISH, AND THE ALLOCATIONS OF THOSE INSURANCE PROCEEDS.

4)   COPIES OF ALL COMMUNICATIONS FROM JONES TO COMMONWEALTH, AND
WHITNEY/PARISH REGARDING THE PROPERTIES, AND ANY OFFERS TO RESOLVE THE
MATTERS, AS WELL AS ANY COMMUNINCATIONS FROM THEIR CLIENTS IN RESPONSE TO
JONES OFFERS TO SETTLE THE DISPUTES PERTAINING TO THE PROPERTIES.

5)   COPIES OF ALL COMMUNICATIONS FROM COMMONWEALTH, AND WHITNEY/PARISH TO
JONES, DUWELL, AND ANY OTHER ENTITIES REGARDING THE PROPERTIES. INCLUDINIG
OFFERS TO SELL COMMONWEALTH'S, AND WHITNEY/PARISH'S ALLEGED INTEREST IN THE
PROPERTIES.

DGJ/MSJ/COM/PAR-6 )

Plaintiff Jones is suffering damages from Commonwealth, and Whitney/Parish refusal to repair the

Properties which have been damaged from Act of God, as Jones has Noticed Attorney for Commonwealth,

and Whitney/Parish , namely; Mr. Harry Kuhner of the damages suffered by Tornado to the Properties.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

As a result of Commonwealth's, and Whitney/Parish unlawful Acts of Title encroachments, and unlawful claims on Jones properties, Jones has been unable to financially maintain Insurance on the Properties. Jones has been Noticed that Commonwealth, and Whitney/Parish have received insurance proceeds from the damages, and have used these proceeds contrary to the Insurance Laws of the United States, and the Great State of Louisiana.

These funds have been negotiated without the consent of Jones, and/or Duwell. Commonwealth's, nor Whitney/Parish's rights to the Properties have not been fully established by Law, as this Re-File of the Original Civil Complaint have challenged all in accords with both Federal, and State Laws.

Commonwealth, nor Whitney/Parish are legally entitled to negotiate any Commercial Financial Proceeds with out the consent of Jones when Jones properties have been used to perfect the Insurance policies.

The Rule of Law, and the Rule of Decision Making precludes anyone from **UNFAIR ENRICHMENT AT THE EXPENSE OF THE RIGHTFUL OWNER ( s ) OF THE PROPERTIES**.

Jones has to benefit from any proceeds which have been received from Jones properties, and cannot be excluded form such enjoyment of these Commercial fruits, such as, but not limited to proceeds from Insurance claims against Jones Properties ( citation omitted as the Wisdom of this Court fully encompasses the Legal Understanding of the Laws against Unjust Enrichment ).

RELIEF IS SOUGHT IN HAVING THE INSURANCE PROCEEDS EXPENSED FOR THE PURPOSES THEY WERE INTENDED BY CONTRACT, ON BEHALF OF JONESPROPERTIES, ALL IN ACCORDS WITH both Federal, and State Insurance Laws precluding anyone from using Insurance proceeds for purposes other than the Repair of the Properties.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Relief is sought under the All Writs Act TITLE 28 SECTIONS 1651 to have an Injunction issued

precluding Commonwealth, and Parish from not honoring the terms of the Insurance Policy ( s ) ( Hazard,

Fire, and Wind Policies against the Properties ).

**THE MERIST FOR THIS CAUSE OF ACTION, AND THE RIGHTS TO SEEK SUMMARY**

**JUDGMENT, AFTER THE DEFENDANTS HAVE BEEN PROPERLY SERVED, AND HAVE**

**RESPONDED, ARE ESTABLISHED ALL IN ACCORDS WITH FRCP 4, AND FOR FUTURE**

**RELIEF UNDER FRCP 56 IN THE ABOVE  INSURANCE** matters, and there are no material facts

which can negate the allegations, and the material facts in support of. Jones further incorporates the

evidence to be produced through the request for Subpoenas to be issued to Commonwealth, and

Whitney/Parish to produce the Insurance documents, and their respective payments on behalf of damages

to Jones Properties.

RELIEF IS SOUGHT FOR DAMAGES TO JONES' PROPERTIES-JONES AS AN OWNER OF

BUSINESSES WHOM HAVE INCURRED DAMAGES IN EXCESSOF $8,000,000.00

RELIEF IS SOUGHT FOR VIOLATIONS OF TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021

(TITLE RECORD) AS COMMONWEALTH, AND WHITNEY/PARISH HAVE FILED INTO THE

OFFICIAL MORTGAGE, AND CONVEYANCE RECORDS OF THE ORLEANS PARISH

MORTGAGE OFFICE,  TITLE DOCUMENTS ALLEGING A 100% OWNERSHIP IN THE

PROPERTIES, WHEN ARGUABLY THE UN-MARKETABLE TITLE, AND PROMISSORY NOTE

COULD ONLY ENCAPSULATE A TITLE PRIVELEGE ON 1/3 INTEREST IN THE PROPERTIES.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

RELIEF IS SOUGHT UNDER THE RICO AND ANTITRUST ACTS as these actions were solely
directed at precluding Jones from being able to receive revenues to fund Jones litigations in other
proceedings against Commonwealth's, and Parish Co-Defendants in other litigations in USEDL-
US5CA, USNDG-US11CA-USDCDC-US SUPREME COURT, and such other Lower State Court
Proceedings, and Federal District, and Appellate Proceedings.

DGJ/MSJ/COM/PAR-7 )

Plaintiff Jones has presented to the Hon. U. S. District Judge Charles A. Pannell, Jr. the un-ethical

behaviors of attorneys Patrick Gaffney, and William T. Finn in not presenting to their clients,

namely; Whitney ( formerly Parish ) the proposed Settlement agreements of Jones to resolve these

matters.

These Officers of the Courts, have acknowledged through their own Correspondence to jones that

they ere concocting a scheme to have one of their own individuals sign a Denial on behalf **of their**

clients ( see <u>EXHIBIT dgj-commonwealth –parish check-$682,500.00-assignment duwell- " 2 "- attached</u>

<u>and hereinafter incorporated into this Re-File of the Original Civil Complaint by reference.</u>

<u>Jones is entitled for an Order directing these Officers of the Court to provide a Written response form</u>

<u>their Clients as to the resolutions of these matters. Jones has further filed into the Record a Notice of</u>

<u>NO Illegal Motions will be tolerated.</u>

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Relief is sought under the Rules of Discovery, and Settlement Conferences of Most Honorable U. S.

<u>District Court for the Eastern District OF Louisiana.</u>

DGJ/MSJ/COM/PAR-8 )

These Defendants collectively have deprived Plaintiff Jones from receiving any relief from the Government

Programs, and funds as a result of these unlawful encroachments in this PRESIDENTIALLY DECLARED

DISASTER AREA.

Plaintiff Jones has suffered grievously by these Defendants, whom Possess a greater financial, social, and

political reservoir, which has been used to attempt to <u>**" force plaintiffs into bowing to their illegal goals ".**</u>

DGJ/MSJ/COM/PAR-9 )

DEFENDANTS have " conspired together " in violations of Federal, and State " RICO, BANKING LAWS,

ANTI TRUST LAWS " to deprive Plaintiffs of Our rights to operate Our 8 businesses located at 6401-03

Gen. Meyer, namely; <u>VILLA De BARNETT STRIP SHOPPING CENTER.</u>

DGJ/MSJ/COM/PAR-10 )

DEFENDANTS have "conspired together " to perfect an illegal document called " The Assignment " to

assist Commonwealth to illegally attempt to be reimbursed by it's own admitted negligence to <u>" Perfect "</u>

a " Mortgage " to protect Whitney/Parish's alleged financial interest in RBD, AND HER MINOR

children's property located at 6401-03 Gen. Meyer Ave.-New Orleans, La. 70131.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

Commonwealth, and it's agents executed a legal document ( The Mortgage " without perfecting " clear title " to RBD, and it's minor children, as well as Whitney/Parish. Whitney/Parish filed a lawsuit against Commonwealth ( against Commonwealth's POLICY # g32-908921 ) in which Whitney/Parish deemed the instrument to be **" Faulty and without legal mustard** ", and Commonwealth agreed with Whitney/Parish, and allegedly paid Whitney/Parish approximately $682,500.00 to settle Whitney/Parish's claim on the policy.

It is further noted, that Commonwealth agreed with Whitney/Parish on the **" IMPERFECTIONS IN THE TITLE** ". Such imperfections have been further asserted by Commonwealth in it's civil action against it's Title agent , namely; August La Nasa, et al ( Orleans CDC Case #  07-13781  RBD EXHIBIT # 6).

**In this counterclaim Commonwealth, et al filed suit against it's title agent for " malpractice ",**

**and demands reimbursement from it's agent, and it's agent's Malpractice Insurance Carrier.**

DEFENDANTS, Commonwealth/Whitney/Parish further compounded their " ANTI TRUST-RICO VIOLATIONS " by perfecting a illegal document, called " THE ASSIGNMENT ", which is clearly a product of " **THE FRUIT OF THE POISON TREE** ".

IT has been the opinion of the Federal, and State court's, that when bringing a civil action for relief, which consist of a " **tainted legal document of no legal validity** ", such claims shall be dismissed as a product of " **THE FRUIT OF THE POISON TREE ".**

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

DGJ/MSJ/COM/PAR-11 )

Commonwealth, Whitney/Parish has further prevented Plaintiff Jones business partners, namely; Rebecca

B. Duwell, Ian Duwell, and Asia Duwell ( all are of the age of Majority ) from being able to open Our

businesses , after the repairs were completed after " Hurricane Katrina ", because of not clearing this title

problem.

DGJ/MSJ/COM/PAR-12 )

Commonwealth, Whitney/Parish has denied Jones, and Duwell , et al's insurance claim filed on, or about

November of 2009 for the Tornado, and vandalism damages, and destruction of property. To this date "

defendants " have not sent a claim's adjuster to assess, and repair the property, and to restore it back to it's

pre-damaged condition.

Commonwealth, Whitney/Parish have made it impossible for Jones to maintain insurance on the

properties as a result of thee unlawful Title Intrusions.

DGJ/MSJ/COM/PAR-13 )

Commonwealth, Whitney/Parish by these actions have violated the tenets of their Financial Charters, State

Insurance Charters, FDIC rules, Community Re-Investment Act, Presidential Declared Disaster Area, etc.

and has prevented these Katrina Storm Victims, from being able to " Rebuild " a place of employment, for

over 75 potential employees, whom also are struggling to recover from the worse storm in our nation's

history.        Page-27-NEW FIILE/CIVIL COMPLAINT/DGJ/WHITNEY/Parish/Commonwealth/RELATEDusedl-08-1487-AJM

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

DGJ/MSJ/COM/PAR-14 )

Commonwealth, Whitney/Parish have additionally deprived Plaintiff Jones, and his business partners, the

Duwells, et al of financial assistance from State, and Federal grant/loan programs which they were/are the

Premier lenders/executors of, ( refer to State Of Louisiana Bridge Loan Program ), which Plaintiffs made

application to Whitney/Parish, and said request was ignored/denied.


**WHEREFORE Plaintiff Jones  prays that :**

1).     **DEFENDANTS illegal instrument called " The ASSIGNMENT ", be deemed null and void, and
removed from the RECORDER OF MORTGAGE, AND CONVEYANCE IN THE PARISH
OF ORLEANS ( SEE attached instrument RBD-EXHIBIT " 4 " ).**


2).     Plaintiff Jones, and his business partners, the Duwells, be given a " legal document " from the

Defendants which would clear us from any negative Credit ratings as a result of these unlawful

actions.


3).     Defendants be made to reimburse Jones , and Jones business partners, the Duwells for the financial

harm caused in Our credit reports as a result of her not being able to derive the financial benefits

of opening their businesses located at **<u>VILLA De BARNETT STRIPMALL SHOPPING

CENTER.</u>**

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

4).    DEFENDANTS WOULD submit to Jones, and the Duwells the Insurance funds they have collected to repair the Buildings, to allow Jones , and the Duwells to repair the buildings, to assist in Mitigating the Severe financial, and emotional harm already maliciously inflicted upon Jones, and the Duwells.

5).    DEFENDANTS be made to reimburse Plaintiff Jones, and his business partners, the Duwells for the loss of revenue of approximately $10,162,483.00, as a result of VILLA De BARNETT STRIPMALL SHOPPING CENTER not being open , as a result of the Defendants actions.

6).    DEFENDANTS cease, and desist from any further written, oral, emails, and such other practices, which would interfere with the private, and business lives of the Plaintiff.

**WHEREFORE PLAINTIFF JONES prays for the relief as is outlined in the above paragraphs DGJ/MSJ/COM/PAR- 1 thru 14 above,** and hereinafter incorporated into this Prayer for Judicial relief under Jones 5th, and 14th Amendment rights, and such rights of Ownership of Properties without unlawful encroachments, or deprivations by the Defendants, namely; Commonwealth, and Parish et al.

**WHEREFORE PLAINTIFF JONES** prays for a Summary Judgment to include Pro Se time, court fees, legal expenses, and such other cost to defend these Pleadings in an amount not less than $135,000.00. These cost have been accruing for the last 3 years of defending the Properties in numerous Lower Courts, as well as this Most Honorable U. S. District Court.

NEW CIVIL COMPLAINT DONALD G. JONES VS. WHITNEY/PARISH & COMMONWEALTH –RELATEDUSEDL-1487-AJM

PLAINTIFF JONES prays for a Trial by Jury.

AND SUCH OTHER RELIEF AS OUR MOST HONORABLE U. S. DISTRICT JUDGE DEEMS

LEGALLY APPROPRIATE TO REDRESS THESE UNLAWFUL ACTS BY THE DEFENDANTS.

DONALD G. JONES " PRO SE "

302 PLANTATION CIRCLE

FAYETTEVILLE, GA. 30214

504-339-8052

Email-jonesdnjhnsn@aol.com

## CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THESE PLEADINGS will be sent to all Defendants in this matter, via

U. S. Marshall after the granting of the Forma Pauper Affidavit, this 16TH DAY OF August, 2010.

DONALD G. JONES " PRO SE "